865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James DIETHER, Plaintiff-Appellant,
v.
BEDINGHAUS BUSINESS FORMS, INC., Defendant-Appellee.
 No. 88-3009.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 Before ENGEL, Chief Judge, WELLFORD, Circuit Judge, and WILLIAM K. THOMAS,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff James Diether appeals from the district court's order granting defendant Bedinghaus Business Forms Inc.'s motion for judgment n.o.v. in this action alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. (1982). The jury had returned a verdict finding that Bedinghaus had discriminated on the basis of age when it failed to choose Diether for one of three positions for which he was eligible on a newly created Selection Task Force.
 
 
 2
 Diether was 43 years old at the time the Selection Task Force was created. Bedinghaus is a corporation that produces custom business forms. In late 1985, Bedinghaus decided to expand its business by producing a form known as the "mailer." Bedinghaus decided to create a Mailer Team, composed of production and supervisory employees, which would produce the form. The Team was organized under the concept of team-based management, which was being used for the first time at Bedinghaus.
 
 
 3
 Bedinghaus also decided to create a Selection Task Force to choose members of a Mailer Team. The Task Force was created in March of 1986 and included three production and three management personnel. Of the three Task Force members who were production personnel, the record indicates that one was older and that a second was younger than Diether. As members of the task force, they did not receive additional salary or any monetary reward. It was understood, however, that all employees on the Selection Task Force would be made part of the Mailer Team at an increased rate of pay.
 
 
 4
 In addition to the three production members of the Task Force, the Mailer Team included nineteen other production positions. Notice of the positions was posted in the fashion customary for all jobs at Bedinghaus. Diether elected not to apply for these positions.
 
 
 5
 Diether filed suit in the district court alleging that Bedinghaus's actions were a violation of the ADEA. During a two day trial it was established that Larry Mills, Director of Manufacturing, chose the members of the Task Force. He testified that he was looking for employees with good performance records, from the standpoint of both quality and quantity of output, and with experience functioning in a team environment or a willingness to function in such an environment. Mills also testified that Diether received initial consideration for the position as did all other production personnel; however, he did not receive further consideration because his attitude and production output had worsened and because he had an absenteeism problem.
 
 
 6
 Helen Armitage, an employee at Bedinghaus, also testified at trial. She testified that in October of 1986, Joe Patten, President of Bedinghaus, stated at a meeting with employees that the company was going to "hire college people, which were younger people, and that older people of Bedinghaus were set in their ways."
 
 
 7
 The jury returned a verdict for Diether finding that Bedinghaus had discriminated on the basis of age. The jury also found that Bedinghaus's actions were willful as the term is used in the ADEA. Bedinghaus moved for judgment n.o.v. The district court granted Bedinghaus's motion, concluding that the evidence in the record was insufficient "to sustain the burden of persuasion that remains at all times with the plaintiff in age discrimination cases to demonstrate that age was a determining factor in the action taken."
 
 
 8
 Diether now appeals, contending that the district court erred in granting the judgment n.o.v.
 
 
 9
 Upon consideration, we agree with the district court that the mere fact that one member of the Selection Task Force was younger and enjoyed less seniority than Diether, while another member was older, did not suffice as adequate evidence of any intention to discriminate against Diether on account of his age. See Chappell v. GTE Products Corp., 803 F.2d 261 (6th Cir.1986). This is particularly true since Diether failed altogether to apply for any position on the Mailer Team from which he asserts he was excluded because of his age. Accordingly, and for the reasons further set forth by Chief Judge Carl B. Rubin in his order granting motion for judgment n.o.v. filed in the district court on November 25, 1987, the judgment of the district court is AFFIRMED.[1]
 
 
 
 *
 The Honorable William K. Thomas, Senior Judge, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Chief Judge Rubin stated that the "abstract comments [of Joe Patten, President of Bedinghaus were] allegedly made some nineteen months after the facts in issue." Actually, witness Armitage stated the comments of Patten were made "in October, 1986," which would be seven months, not nineteen months "after the facts in issue." Notwithstanding the shorter lapse of time, it is determined that Judge Rubin's conclusion is still supportable and not erroneous